**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.  1:25CR179** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE DAN POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **RAYDON HOWARD** | ) | **DEFENDANT'S MOTION TO** |
| **DEFENDANT.** | ) | **WITHDRAW GUILTY PLEA** |

Now comes Defendant, by and through counsel, Craig T. Weintraub, Esq., and hereby respectfully moves to withdraw his guilty plea.

During Mr. Howard's final pretrial hearing on March 10, 2026 he expressed his concern that he did not want any of his family members and other people, including his girlfriend, to be indicted because of his criminal activity. The government indicated that he need not be concerned because others would not be indicted. Consequently, Mr. Howard relied on the representation that others would not be charges and he pled guilty on April 7, 2026.

On June 23, 2026 Marissa Patawaran, Mr. Howard's girlfriend, was indicted in the United States District Court Northern District of Ohio, 1:26CR302, with two counts of violations of 18:922(a)(6) Making False Statements in Acquisitions of Firearms. Her case is pending before Judge Nugent and the AUSA assigned to the case is Elizabeth Crooks, who is assigned to Mr. Howard's prosecution. The police reports allege that she made straw purchases of two firearms that were seized during the execution of a search warrant at Howard's residence and located in a

1

car he operated. The weapons were found on July 2, 2024 and Ms. Patawaran was not indicted until June 23, 2026, over two months after Mr. Howard's plea.

It is well-established that "[a] defendant must demonstrate a fair and just reason for requesting the withdrawal of a guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[T]he aim of th[is] rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991) (per curiam) (citation omitted).

Whether a defendant satisfies the "fair and just reason" standard depends upon the totality of the circumstances, which is evaluated using the following seven factors: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir. 1994), superseded by guidelines amendment on other grounds, U.S.S.G. § 3B1.1. "The factors are a general, non-exclusive list and no one factor is controlling." United States v. Bazzi, 94 F.3d 1025, 1027 (6th Cir. 1996) (per curiam). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." United States v. Haygood, 549 F.3d 1049, 1052 (6th Cir. 2008) (citation and internal quotation marks omitted).

2

The presentence report reflects that Mr. Howard has an IQ of 68 which is mild retardation. Consequently, his ability to comprehend sophisticated issues and terminology is very limited as a result of mild retardation. Essentially, it takes him awhile to try to understand issues and to determine what is in his best interest, He is not the average person because of mild retardation and has a hard time expressing his desire and reaching conclusions.. Mr. Howard's girlfriend was not indicted until June 23, 2026. He had no ability to know the government's intention to indict her until the indictment was unsealed late June and she communicated with him a few weeks ago. He didn't know what he needed to do and couldn't communicate with counsel because counsel was out of the country for a few weeks. Mr. Howard contends that he accepted the plea to the 924c charge and the mandatory 60 month sentence only because of the government's claim that no charges would be forthcoming against other people emanating from his criminal conduct. He maintains his innocence on the 924c charge. Also, the government cannot successfully maintain that it would be prejudiced by the withdrawal of the plea because all of their witnesses are law enforcement agents and are still employed in that capacity and available to testify at a trial.

Wherefore, Mr. Howard respectfully requests the Court grant the Motion to Withdraw the Guilty Plea and schedule this matter for trial.

Respectfully submitted,

*/s/ Craig T. Weintraub*
CRAIG T. WEINTRAUB, ESQ. (0040095)
50 Public Square
Suite 2200
Cleveland, Ohio 44113
(216) 896-9090
(216) 218-5494 mobile
cweintraub@hotmail.com

3

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically and notice will be sent to all parties electronically by operation of the court's electronic filing system.

/s/ Craig T. Weintraub
CRAIG T. WEINTRAUB