IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:25-CR-179 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| RAYDON HOWARD, | ) | MOTION TO CONTINUE SENTENCING |
| | ) | AND SET BRIEFING SCHEDULE FOR |
| Defendant. | ) | DEFENDANT'S MOTION TO |
| | | WITHDRAW PLEA AGREEMENT |

Now comes the United States, by and through undersigned counsel, David M. Toepfer, United States Attorney, and Elizabeth M. Crook, Assistant United States Attorney, and hereby moves this Court to continue the sentencing hearing set for July 29, 2026.  The United States also requests the Court set a briefing schedule to allow both parties to fully brief the Defendant's Motion to Withdraw.  Defendant's original Motion provided the following factual basis:

> During Mr. Howard's final pretrial hearing on March 10, 2026 he expressed his concern that he did not want any of his family members and other people, including his girlfriend, to be indicted because of his criminal activity. The government indicated that he need not be concerned because others would not be indicted. Consequently, Mr. Howard relied on the representation that others would not be charges and he pled guilty on April 7, 2026.

(R. 49: Motion, PageID 454). This Court had the opportunity to review the plea transcripts.  A statement that the government indicated that 'he need not be concerned because others would not be indicted' was not reflected in the transcript.  During the sentencing hearing on July 28, 2026, Defendant changed the factual basis and alleged there were assurances of non-prosecution for "his people" that were made outside of the courtroom during plea negotiations with his attorney.

As a result of the changed factual basis for the withdrawal motion, the United States respectfully requests the opportunity to be heard on the record for this issue along with an opportunity to respond to the Motion.  AUSA Doroodian is out on medical leave and is scheduled to return on August 12, 2026.   A continuance until after August 12, 2026, would give the United States a meaningful opportunity to discuss this issue on the record with counsel who participated in plea negotiations. This would require AUSA Doroodian's presence at the hearing.

Undue prejudice would not result by granting a short continuance and setting a briefing schedule on this matter.  A complete record would assist the Court in evaluating the statements made during the sentencing hearing as well as provide Defendant with an opportunity to confer with his attorney about whether or not to proceed with his Motion to Withdraw.  It would also allow this Court to consider additional information from the Government to decide if there is a fair and just reason supporting Defendant's Motion.  This Court has already provided Defendant with an additional 48 hours to confer with counsel and family due to ramifications of withdrawing from a plea agreement. An additional two weeks would be beneficial to both the United States, Defendant, as well as the Court.

Defendant's Counsel was asked whether or not the Motion could be filed unopposed but has not given a negative or affirmative response to the request as of the date of the filing of this Motion.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:   /s/ Elizabeth Crook
Elizabeth Crook (OH: 0088709)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400

2

Cleveland, OH 44113
(216) 622-3825
(216) 522-7499 (facsimile)
Elizabeth.Crook@usdoj.gov